IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

R.B. AND V.B.,

        Plaintiffs,                11cv1519
                                      **ELECTRONICALLY FILED**

        v.

WESTMORELAND COUNTY, ET AL.,

        Defendants.

## **MEMORANDUM ORDER RE: DEFENDANTS' RENEWED MOTION TO DISMISS AND DEFENDANTS' FIRST MOTION TO DISMISS (DOC. NO. 23 and 25)**

**I.    Introduction**

Presently before this Court are: (1) the Renewed Motion to Dismiss filed by Defendants Westmoreland County ("Westmoreland"), Westmoreland County Children's Bureau ("WCCB"), John Cerra ("Cerra"), Karen Gilmore ("Gilmore"), and Kimberly Poppa ("Poppa"), individually and in their capacity as employees of WCCB (collectively referred to as "County Defendants") and (2) a Motion to Dismiss for Lack of Jurisdiction filed by Defendants Barry O'Neal and Christine O'Neal.  Doc. Nos. 23 and 25.  The Court has reviewed Plaintiffs' Amended Complaint (Doc. No. 18), Defendants' Motions to Dismiss (Doc. Nos. 23 and 25) and Briefs in Support Thereof (Doc. Nos. 24 and 26) as well as Plaintiffs' Briefs in Opposition (Doc. Nos. 27 and 28).[1]  For the reasons that follow, both of Defendants' Motions to Dismiss will be GRANTED.

---

[1] The Court has subject matter jurisdiction over this matter pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

## II.     Statement of Facts

As in the first Memorandum Opinion on Defendants' Motion to Dismiss, Plaintiffs' allegations are taken as true and all reasonable inferences are drawn in their favor. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The substance of Plaintiffs' Amended Complaint generally remains the same as the original Complaint.[2] The only substantive additions in Plaintiffs' Amended Complaint that differ from the allegations in Plaintiffs' original Complaint are as follows: (1) R.B. told Defendant Gilmore that he had found a slip of paper in A.B.'s room with Barry O'Neal Jr.'s ("O'Neal Jr.'s") name and address on it and records of phone calls and text message between A.B. and O'Neal Jr. and that he was worried about her staying at the O'Neal's house (¶ 31-33); (2) Defendant Gilmore told R.B. that the O'Neal home had been checked and vetted and that O'Neal Jr. would not be staying there (¶ 37-39); (3) Defendant Gilmore was informed by Defendant Christine O'Neal that O'Neal Jr. had "gone out with A.B.," but did not realize her age (¶ 46); (4) During an interview, R.B. told Defendant Cerra about O'Neal Jr.'s suspected relationship with A.B. and presented him with evidence of such (¶ 50-54); (5) R.B. offered to rebut A.B.'s allegations of abuse with physical evidence that contradicted her allegations (¶ 75-78); (6) R.B. believes that he told Defendant Cerra of A.B.'s statement to her sister that she should "party with her and her boyfriend, Barry O'Neal" (¶ 90-92); and (7) Defendant Cerra left R.B. a voicemail threatening that A.B.'s allegations would be returned as founded unless R.B. returned his phone call and that a failure to respond would indicate there was something to hide (¶ 102-103).

---

[2] For a detailed description of Plaintiffs' original statement of facts, see Doc. No. 15, 2-6. The Court incorporates its previous Memorandum Opinion and, where applicable, will refer to specific sections.

### III. Standard Of Review

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly*, 550 U.S. 554 and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 662).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.*; *see also Fowler*, 578 F.3d at 210-11.

The Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, the Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Services, Inc.*, 346 Fed. App'x. 774, 776 (3d Cir. 2009).

In short, the Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him to relief. *Twomley*, 550 U.S. at 563 n.8.

## IV. Discussion

### A. Renewed Motion to Dismiss

#### 1. Count I: 42 U.S.C. § 1983

Plaintiffs' Amended Complaint fails to establish that County Defendants acted under the color of state law to deprive Plaintiffs of their liberty interests and Constitutional rights, privileges, and immunities in violation of 42 U.S.C. § 1983. Doc. No. 18. At most, Plaintiffs' allegations when taken as true, demonstrate that R.B. told Defendant Gilmore that he was suspicious of A.B. and O'Neal Jr.'s relationship and showed both Defendant Gilmore and Defendant Cerra evidence to rebut A.B.'s allegations of abuse and demonstrate his suspicions about A.B.'s relationship with O'Neal Jr. Despite these new averments, Plaintiffs have failed to 1) allege the violation of a right, privilege or immunity secured by the Constitution or laws of the United States and 2) demonstrate that the alleged deprivation was committed by a person acting under the color of state law, as required by 42 U.S.C.. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). The Court incorporates its previous analysis of this claim found in Doc. No. 15, 7-11.

2. <u>Counts II, V, and VI: Intentional Tort Claims of Intentional Infliction of Emotional Distress, False Imprisonment, and Civil Conspiracy</u>

As to Counts II, V, and VI, as in its original Memorandum Opinion re. Defendants' Motion to Dismiss, the Court finds that these counts must be dismissed pursuant to 42 Pa. C. S. § 8542(a)(2). The Court incorporates its previous analysis of these claims found in Doc. No. 15, 12-13.

3. <u>Count III: Negligence against County Defendants</u>

Plaintiffs' new factual averments do not demonstrate a claim for negligence against the County Defendants because such claims are barred by governmental immunity. The Court incorporates its previous analysis of this claim found in Doc. No. 15, 13-14.

*B. Individual Defendants' Motion to Dismiss and Pendent State Law Claims*

The only claims against Defendants Barry and Christine O'Neal are state law claims of negligence and false imprisonment, which are pendent to the federal claims against the County Defendants. Doc. No. 18, 26-28. There are also pendent state law claims of negligence, false imprisonment, and civil conspiracy against Defendants Cerra, Gilmore, and Poppa, individually.[3] Id. at 24-25, 27-29. Jurisdiction over these state law claims may be relinquished by this Court.

The Court declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, said state law claims will be dismissed pursuant to 28 U.S.C. § 1367(c)(3), albeit without prejudice to Plaintiffs' ability to re-file these claims in state court. Also, the dismissal of Plaintiffs' state law claims should not work to Plaintiffs' disadvantage. *See* 28 U.S.C. § 1367(d) (providing for at least a thirty-day tolling of any applicable statute of limitation

---

[3] Although the Court has already analyzed why the state law claims of false imprisonment and civil conspiracy will be dismissed, it also includes these claims in the pendent claim discussion because regardless of merit, the Court may decline to exercise jurisdiction over these claims because the sole federal claim (Count I: 42 U.S.C. § 1983) will be dismissed.

after the claim is dismissed so as to allow Plaintiff(s) time to re-file state law claims in state court).

### V.     Conclusion/Order

AND NOW, this 30th day of April 2012, for the foregoing reasons, IT IS HEREBY ORDERED that:

(1)  County Defendants' Renewed Motion to Dismiss (Doc. No. 25) is **GRANTED**;

(2) Defendants Barry and Christine O'Neal's Motion to Dismiss (Doc. No. 23) is **GRANTED**;

(3) Because further amendment of Plaintiffs' Complaint would be futile, all claims are **DISMISSED WITH PREJUDICE**; and

(4) The Clerk of Court shall mark this **CASE CLOSED**.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:     All Registered ECF Counsel and Parties